Adam D. Perlmutter, Esq. (AP4015)
Law Offices of Adam D. Perlmutter, P.C.
260 Madison Avenue, Suite 1800
New York, NY 10016
Tel: (212) 679-1990
Fax: (212) 679-1995
Email: adp@adplegal.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

RODNEY ST. CLOUD and STACEY ST. CLOUD,

                Plaintiffs,

   -   against -

UNITED STATES OF AMERICA, THE CITY OF
NEW YORK, Detective JAMES APOSTOLOU,
Shield No. 470, United States Customs Agent JOHN
HENRY, and other unidentified Federal Law
Enforcement Officers and/or New York City Police
Department Officers John and Jane Does 1 through 20
(names and number of whom are unknown at present),

              Defendants.
-------------------------------------------------------------------X

05cv3201 (AKH)

**COMPLAINT**

**JURY TRIAL
DEMANDED**

## **PRELIMINARY STATEMENT**

1. This is an action to recover money damages arising out of defendants' violations of plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C. § 1983, and of rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, the laws of the State of New York, the Federal Tort Claims, Act 28 U.S.C. S 2680(h) and under the common law of *Bivens v. Six Agents of the FBI,* 403 U.S. 388 (1971).

2.      Plaintiffs were arrested and detained without probable cause. Their property was searched and seized without probable cause.  While detained, plaintiffs were assaulted and battered, physically, verbally and emotionally abused.

## JURISDICTION

3.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court as a federal question pursuant to 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

4.      The plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b), (c), and (e) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this district and at least one defendant resides within the district.

## PARTIES

6.      Plaintiff Rodney St. Cloud is a resident of Bronx, New York.  Mr. St. Cloud was at all times relevant herein a resident of the City of New York, State of New York.

7. The plaintiff Stacey St. Cloud is a resident of Manhattan, New York. Ms. St. Cloud was at all times relevant herein a resident of the City of New York, State of New York.

8. Detective James Apostolou was at all times relevant herein an officer, employee, and agent of the New York City Police Department. Detective Apostolou is being sued herein individually and in his official capacity.

9. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department that acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

10. United States Customs Agent John Henry was at all times relevant herein an employee of the United States Department of Homeland Security formerly, in part, the United States Customs Department. Agent Henry is being sued herein individually and in his official capacities. At the time of the events at issue he was acting under color of law. He was acting within the scope of his employment.

11. John and Jane Does 1 through 20 are and were at all times relevant herein officers, employees and agents of the United States of America and/or the New York City Police Department. John and Jane Does 1 though 20 are being sued herein individually and in their official capacities. The names of these individuals are as of yet unknown to plaintiffs.

12. At all times relevant herein, aforementioned individual defendants of the New York City Police Department were acting under color of state law, to wit, under the color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York, in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

13. At all times relevant herein, aforementioned individual defendant agents of the United States of America were acting under color of law, to wit, under the color of statutes, ordinances, regulations, policies, customs and usages of the United States of America, in the course and scope of their duties and functions as agents, servants, employees and officers of the United States of America, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the United States of America at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the United States of America and incidental to the lawful pursuit of their duties as officers, employees and agents of the United States of America.

## STATEMENT OF FACTS

**A.     Plaintiff Rodney St. Cloud**

14.     On March 24, 2004, plaintiff Rodney St. Cloud was arrested at the Fire Department of the City of New York, 9 MetroTech Center, Brooklyn, New York, by members of the New York Police Department and/or federal law enforcement agents, without reasonable suspicion or probable cause.

15.     The police intervention was initiated after U.S. Customs Agent Henry informed Detective Apostolou about an alleged delivery of a large amount of anabolic steroids addressed to plaintiff Rodney St. Cloud.  This delivery was not addressed to Mr. St. Cloud nor was there any evidence that he had ordered or sought to purchase these materials.

16.     Members of the New York Police Department and/or federal law enforcement agents searched without probable cause plaintiff Rodney St. Cloud's residence at 3112 Kingsland Avenue, Bronx, New York, and illegally seized property therefrom.

17.     Following his arrest, plaintiff Rodney St. Cloud was illegally detained in different locations, namely at the 84th precinct of the New York Police Department, 301 Gold Street, Brooklyn New York, and the 17th precinct of the New York Police Department, 167 East 57th Street, New York, New York.

18.     While detained, plaintiff Rodney St. Cloud was assaulted and battered, as well as verbally, physically and mentally abused without just cause or provocation by a member(s) and/or agent(s) of the New York Police Department and/or federal law enforcement agents.  As a direct and proximate result of the acts of defendants, plaintiff

Rodney St. Cloud has suffered severe and permanent injury, including mental suffering, anguish, psychological and emotional distress, humiliation, embarrassment, loss of income and deprivation of physical liberty as a result of his false imprisonment, false arrest, and battery by defendants.

**B.     Plaintiff Stacey St. Cloud**

19.    On March 24, 2004, plaintiff Stacey St. Cloud was arrested on the premises of Photo Researchers Inc., at 60 East 56th Street in New York, New York, after she signed for and received custody of the aforementioned delivery addressed to plaintiff Rodney St. Cloud.  There was no evidence that she had, in fact, ordered or sought to purchase these materials.

20.    Plaintiff Stacey St. Cloud's arrest by members of the New York Police Department and/or federal law enforcement agents was made without reasonable suspicion or probable cause.

21.    Following her arrest, plaintiff Stacey St. Cloud was illegally detained at the 17th precinct of the New York Police Department, 167 East 51st Street, New York, New York, and at the Criminal Court, 100 Centre Street, New York, New York

22.    While detained, plaintiff Stacey St. Cloud was assaulted and battered, as well as verbally, physically and mentally abused without just cause or provocation by a member(s) and/or agent(s) of the New York Police Department and/or federal law enforcement agents.

23.    As a direct and proximate result of the acts of defendants, plaintiff Stacey St. Cloud has suffered severe and permanent injury, including mental suffering, anguish, psychological and emotional distress, humiliation, embarrassment and deprivation of

physical liberty as a result of her false imprisonment, false arrest, and battery by defendants.

24. Criminal prosecution against Stacey St. Cloud is still pending and there has been no current disposition of his case.

25. Notices of claim for both plaintiffs were served on the Comptroller of the City of New York on June 4, 2004, and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

### FIRST CAUSE OF ACTION

#### Violation of Plaintiffs' Fourth, Fifth and Fourteenth Amendment Rights

26. The plaintiffs repeat and reiterate each and every allegation contained in paragraphs marked 1 through 27 with the same force and effect as if more fully set forth at length herein.

27. Defendant Detective Apostolou and other unidentified members of the New York Police Department, who were acting in concert and within the scope of their authority and employment, arrested and caused plaintiffs to be held without probable cause in violation of plaintiffs' right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

28. To the extent U.S. Customs Agent Henry and/or other unidentified federal agents, who were acting in concert and within the scope of their authority and employment, were involved in the illegal arrest and detention of the plaintiffs, they

caused a deprivation of liberty under the Fifth Amendment to the Constitution of the United States.

29. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and are liable to plaintiffs under 42 U.S.C. §§ 1983 and 1985 and under *Bivens*.

## SECOND CAUSE OF ACTION

**Violation of Plaintiffs' Fourth Amendment Rights**

30. The plaintiffs repeat and reiterate each and every allegation contained in paragraphs marked 1 through 31 with the same force and effect as if more fully set forth at length herein.

31. Defendants, who were acting in concert and within the scope of their authority and employment, searched plaintiffs Rodney St. Cloud's residence without probable cause in violation of plaintiff's right to protection from unreasonable searches under the Fourth Amendment to the Constitution of the United States.

32. Defendants have deprived plaintiff Rodney St. Cloud of his civil, constitutional and statutory rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985.

## THIRD CAUSE OF ACTION

### Violation of Plaintiffs' Fourth Amendment Rights

33. The plaintiffs repeat and reiterate each and every allegation contained in paragraphs marked 1 through 34 with the same force and effect as if more fully set forth at length herein.

34. Defendants, who were acting in concert and within the scope of their authority and employment, were using excessive force while arresting plaintiffs and keeping them detained. No police officer intervened on behalf of the plaintiffs and tried to stop use of excessive force.

35. An action under 42 U.S.C. §§ 1983 may be brought against a police officer who was present while unnecessary force was being used against an arrestee by the arresting officer, but who did nothing to stop the use of unnecessary force. *Jonelis v. Russo,* 863 F. Supp. 84 (D. Conn. 1994).

36. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985.

## FOURTH CAUSE OF ACTION

### Assault and Battery

37. The plaintiffs repeat and reiterate each and every allegation contained in paragraphs marked 1 through 38 with the same force and effect as if more fully set forth at length herein.

38. The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted and battered plaintiffs, when they arrested them and kept them in detention.

39. Defendants Apostolou and other unidentified members of the New York Police Department were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

40. Defendants Henry and other unidentified federal law enforcement were at all times agents, servants, and employees acting within the scope of their employment by the United States of America, which are therefore responsible for their conduct.

41. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CAUSE OF ACTION

### False Arrest

42. The plaintiff repeats and reiterates each and every allegation contained in paragraphs marked 1 through 43 with the same force and effect as if more fully set forth at length herein.

43. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York.  Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

44. Defendants Apostolou and other unidentified members of the New York Police Department were at all times agents, servants, and employees acting within the

scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

45. Defendants Henry and other unidentified federal law enforcement were at all times agents, servants, and employees acting within the scope of their employment by the United States of America, which are therefore responsible for their conduct.

46. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### SIXTH CAUSE OF ACTION

**Negligent Hiring, Retention, Training and Supervision**

47. The plaintiff repeats and reiterates each and every allegation contained in paragraphs marked 1 through 48 with the same force and effect as if more fully set forth at length herein.

48. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise Detective Apostolou and other unidentified members of the New York City Police Department who were unfit for the performance of police duties on March 24, 2004, at the aforementioned location.

49. The United States of America and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise Agent Henry and other unidentified federal law enforcement personnel who were unfit for the performance of police duties on March 24, 2004, at the aforementioned location.

50. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

51. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for relief as follows:

a. That the jury find and the Court adjudge and decree that each plaintiff shall recover compensatory damages in the sum of $1,000,000, against the individual defendants, the United States of America, and the City of New York, jointly and severally, together with interest and costs, and punitive damages in the sum of $500,000 against the individual defendants, jointly and severally.

b. That the plaintiffs recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

c. That the plaintiffs have such other and further relief as the Court shall deem just and proper.

- 13 -

Dated:      New York, New York
            March 24, 2005

                            LAW OFFICES OF ADAM D. PERLMUTTER, P.C.


                            By:_____
                                  Adam D. Perlmutter (AP 4015)

                            260 Madison Avenue, Suite 1800
                            New York, NY 10016
                            Tel: (212) 679-1990
                            Fax: (212) 679-1995
                            Email: adp@adplegal.com